UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
RUTH STEIN
on behalf of herself and
all other similarly situated consumers

                Plaintiff,

    -against-


FORSTER & GARBUS LLP

               Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Ruth Stein seeks redress for the illegal practices of Forster & Garbus LLP concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Commack, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Ruth Stein*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about August 3, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter was deceptive and misleading as it merely identified the "Balance Due," yet failed to disclose that the balance may increase due to interest and fees.

12. The Plaintiff was left uncertain as to whether the "Balance Due" was accruing interest as there was no disclosure that indicated otherwise.

13. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

14. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "Balance Due" stated on the notice will not know whether the debt has been paid in full.

15. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

16. The statement of an "Balance Due", without notice that the amount is already increasing

due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

17. The "Balance Due" had in fact increased during the period between a letter that was sent to the Plaintiff on March 19, 2014 and the letter at issue.

18. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

19. Pursuant to New York state law, interest accrues on the judgment amount from the date of the judgment at the rate of 9% per annum.

20. The amount of the judgment automatically increases each day that the judgment amount remains unpaid due to the automatically statutory accrued interest.

21. Collection notices that state only the "Balance Due," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

22. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

23. The Defendant was required to include a disclosure that automatically accrued interest was accruing, or in the alternative, the creditor has made an intentional decision to waive the automatically accruing interest, yet it did not make any of those disclosures in

violation of 1692e.

24. Failure to disclose such a waiver of the automatically accrued interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.

25. "Applying these principles, we hold that plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full."  Avila v. Riexinger & Assocs., LLC, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

26. The Plaintiff and the least sophisticated consumer would be led to believe that the "Balance Due" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

27. Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor **could** still seek the automatic interest that accumulated after the judgment was obtained, or sell the consumer's debt to a third-party, which itself could seek the interest and from the consumer.  Avila, at *10-11

28. A debt-collector must disclose that interest is accruing, or in the alternative, it must disclose any such waiver.

29. Waiver of debt even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest, at the bare minimum a debt collector must make clear even to the least sophisticated consumer that it intends to waive the interest.

30. In fact, however, interest was accruing daily and the Defendant has tried to collect this interest from the Plaintiff.

31. A consumer who pays the "Balance Due" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

32. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

33. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

34. 15 U.S.C. § 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of --

    (A) the character, amount, or legal status of any debt; or

    (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. The said letter is a standardized form letter.

36. Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

37. Defendant's August 3, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

38. The said August 3, 2015 letter further communicated to the least sophisticated consumer

that the communication came from a law firm in a practical sense, violating Section 1692e(3).[1]

39. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

40. The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent.[2]

41. The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., *Avila*,

---

[1] Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (Computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (Same), Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

[2] Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993), See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996), Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008), Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also Suquilanda v. Cohen & Slamowitz LLP., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3).")

84 F.3d at 229. The same result is obtained here.

42. Although Forster & Garbus LLP may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "A NEW YORK LAW FIRM" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

43. If Forster & Garbus LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.[3]

44. The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached hereto.

45. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

---

[3] See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.), Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

46. Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

47. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

48. The said letter is a standardized form letter.

49. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

50. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

51. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

52. Defendant{s} violated the Plaintiff's right not to be the target of misleading debt collection communications.

53. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

54. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

55. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

56. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and

participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

57. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

58. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

59. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty eight (58) as if set forth fully in this cause of action.

60. This cause of action is brought on behalf of Plaintiff and the members of two classes.

61. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 3, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Capital One Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false

representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

62. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Capital One Bank; and (b) that the collection letter used an attorney letter head which represented that the letter was sent from a law firm in a practical sense, but which failed to qualify that the debt had not been reviewed by an attorney; and (c) the collection letter was not returned or undelivered by the post office; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

63. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

      D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

      E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

64. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

65. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

66. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

67. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

68. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 3, 2016

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

# FORSTER & GARBUS LLP
### A NEW YORK LAW FIRM

60 Motor Parkway  
Commack, NY 11725-5710

| | |
|---|---|
| RONALD FORSTER - Adm. in NY Only | ANNETTE T. ALTMAN - Adm in NY Only |
| MARK A. GARBUS - Adm. in NY Only | OLIVIA DEBELLIS - Adm in NY Only |
| EDWARD J. DAMSKY - Adm. in NY Only | RONALD J. FERRARO - Adm in NY & NJ |
| JOEL D. LEIDERMAN - Adm. in NY Only | MICHAEL J. FLORIO - Adm in NY Only |
| | AMY GAVLIK - Adm in NY Only |
| | TESS E. GUNTHER - Adm in NY & CT |
| | KEVIN M. KNAB - Adm in NY Only |
| | MICHAEL S. LEINOFF - Adm in NY Only |

**PERSONAL & CONFIDENTIAL**

 March 19, 2014

BALANCE DUE as of March 19, 2014 ▸ **$3,034.05**  
Reference Number ▸ ▭394  
Account Number ▸ XXXXXXXXXXX6998

Re ▸ **CAPITAL ONE BANK (USA), N.A.**

1-631-393-9400  
1-877-319-6838 Ext. 375  
**Representative Name: MR STAMOU**  
Monday thru Thursday 8:00AM – 9:00PM EST  
Friday 8:00AM – 5:00PM EST

RUTH STEIN  
1347 47TH ST #3  
BROOKLYN NY 11219-2612

Dear Ruth Stein,

This office has been authorized to advise you that a settlement of the above account can be arranged. To take advantage of this savings opportunity, please contact this office. Do not delay --- call this office to take advantage of this terrific opportunity.

Please note that we are not obligated to repeat this opportunity.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

---

Office Location:  60 Motor Parkway  
Commack, NY 11725-5710

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

RUTH STEIN  
1347 47TH ST #3  
BROOKLYN NY 11219-2612

BALANCE DUE as of March 19, 2014 ▸ **$3,034.05**  
Reference Number ▸ ▭394  
Re ▸ **CAPITAL ONE BANK (USA), N.A.**

Rep. Code ▸ 1W  
Date ▸ March 19, 2014

→ Please Note Current     BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

Cell Phone # _____ _____

 Forster & Garbus LLP  
PO Box 9030  
Commack, NY 11725-9030

FGW  
F&GW.V4  
382665  
Page 1 of 1

**FORSTER & GARBUS LLP**
A NEW YORK LAW FIRM

ANNETTE T. ALTMAN - Adm in NY Only
OLIVIA DEBELLIS - Adm in NY Only
RONALD FORSTER - Adm. in NY Only       MICHAEL C. DIGIARO - Adm in NY & NJ
MARK A. GARBUS - Adm. in NY Only       RONALD J. FERRARO - Adm in NY & NJ
EDWARD J. DAMSKY - Adm. in NY Only     MICHAEL J. FLORIO - Adm in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only    AMY GAVLIK - Adm in NY Only
                                       TESS E. GUNTHER - Adm in NY & CT
                                       KEVIN M. KNAB - Adm in NY Only
                                       VALERIE E. WATTS - Adm in NY Only

60 Motor Parkway
Commack, NY 11725-5710        88

**PERSONAL & CONFIDENTIAL**



August 3, 2015

BALANCE DUE as of August 3, 2015 ▸ $3,186.29
Reference Number ▸ [_____]394
Account Number ▸ XXXXXXXXXXX6998
Re ▸ **CAPITAL ONE BANK (USA), N.A.**

1-631-393-9400
1-800-245-9943 Ext. 504
Representative Name: **MS STEIN**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

RUTH STEIN
1347 47TH ST #3
BROOKLYN NY 11219-2612

Dear Ruth Stein,

This office has been authorized to advise you that a settlement of the above account can be arranged. You are being offered a substantial discount off the current balance due. You may choose one of the three payment options as follows:

A.   One payment of $1,593.15, which we shall expect by August 20, 2015.
B.   Two payments of $876.23 each, totaling $1,752.46 which we shall expect by August 20, 2015, and September 21, 2015.
C.   Three payments of $637.26 each, totaling $1,911.78, which we shall expect by August 20, 2015, September 21, 2015, and October 20, 2015.

Please note that we are not obligated to repeat this offer.

Please return the bottom portion of this letter with your selection checked to confirm your settlement choice. If you are unable to take advantage of the above settlement opportunities, please contact this office so we may arrange a payment plan on the account.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

Office Location:   60 Motor Parkway • Commack, NY 11725-5710

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, COMMACK, NY 11725-9030 IN ENCLOSED ENVELOPE

Please select a payment option: ☐ **A**   ☐ **B**   ☐ **C**

RUTH STEIN
1347 47TH ST #3
BROOKLYN NY 11219-2612

BALANCE DUE as of August 3, 2015 ▸ $3,186.29
Reference Number ▸ [_____]394
Re ▸ **CAPITAL ONE BANK (USA), N.A.**

Rep. Code ▸ [  ]
Date ▸ August 3, 2015

➡ Please Note Current        BEST TIME TO CALL

Home Phone # _____  _____

Work Phone # _____  _____

Cell Phone # _____  _____

[_____]394

Forster & Garbus LLP
PO BOX 9030
COMMACK, NY 11725-9030